UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
Case No.15-24496-cv-LENARD

ANGEL NEYRA

    Plaintiff,

v.

A & O PLUMBING CORP.,

    Defendant.

_____/

## JOINT MOTION FOR FAIRNESS REVIEW and for DISMISSAL WITH PREJUDICE

Plaintiff, ANGEL NEYRA ("NEYRA") and Defendant, A & O PLUMBING CORP., ("AOPC") by and through their respective undersigned counsel, file this joint motion requesting the Court to review their settlement agreement for fairness and issue an order dismissing this case with prejudice. The Parties respectfully state as follows:

1. NEYRA filed a two count complaint against Defendant alleging a violation of the overtime provisions of the Fair Labor Standards Act ("FLSA") and supplemental wage claim under Florida law. Defendant answered the complaint, denied NEYRA's allegations and raised several affirmative defenses.

2. Nevertheless, in an effort to avoid the costs and uncertainty of litigation, the parties have negotiated a settlement of this matter.

3. Pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F. 2d 1350 (11th Cir. 1982), claims for wages arising under the FLSA may be settled or compromised only with the approval of the Court or Secretary of Labor. Pursuant to *Lynn's Food*, the Court's review of a settlement agreement is to determine if it is "a fair

and reasonable resolution of a bona fide dispute." Id. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." Id. at 1354. In determining whether the settlement is fair and reasonable, the Court may consider the following factors:

(1) the existence of fraud or collusion behind the settlement:

(2) the complexity, expense, and likely duration of the litigation;

(3) the stage of the proceedings and the amount of discovery completed;

(4) the probability of plaintiff's success on the merits:

(5) the range of possible recovery; and

(6) the opinions of the counsel.

See, e.g., Leverso v. South Trust Bank of Ala., Nat. Assoc., 18 F.3d 1527. 1531 n.6 (11th Cir. 1994); Hamilton v. Frito-Lay, Inc., 2007 U.S. Dist. LEXIS 10287(M.D. Fla. Jan. 8, 2007). A court should be mindful of the strong presumption in favor of finding a settlement fair. Hamilton, supra. See, also Helms v. Central Fla. Reg. Hosp., 2006 U.S. Dist. LEXIS 92994 (M.D. Fla. Dec. 21, 2006).

4. In support of the parties' position that this is a fair settlement, they offer the following:

- The Parties were represented by independent counsel each of whom are experienced in the litigation of FLSA claims;

- The settlement sum and the final Settlement Agreement were the subject of arms-length negotiations in which Plaintiff stipulated to withdraw and dismiss with prejudice his FLSA and Florida wage claims against Defendant in exchange for monetary and non-monetary consideration, including but not limited to, providing an unconditional and full general release in favor of Defendant and any other persons associated with Defendant;

- This case was resolved following ongoing discussions by counsel for the parties of the respective merits of their claims and defenses;

- The parties agree that the settlement provide Plaintiff with a sum of money and additional consideration which are benefits which Plaintiff might not have recovered at trial and which resolve all other employment disputes between the parties;

- There was no collusion, fraud, or any other inappropriate conduct by Plaintiff or Defendant with respect to the settlement ultimately agreed upon;

- The probability of success on the merits and length of future litigation militate in favor of this settlement. If the parties continued to litigate this matter, they would be forced to engage in costly litigation in order to prove their claims and defenses. This settlement, therefore, is a reasonable means for both parties to minimize future risks and litigation costs; and

- The attorneys' fees and costs claimed by the Plaintiff is an amount which is reasonable;

5. The Parties, therefore, respectfully submit that their settlement agreement is consistent with the intent and purpose of the FLSA and the requirements on *Lynn's Food*. The Parties further represent to the Court that their settlement agreement includes every term and condition of the parties' settlement, and there are no side deals or other terms outside of those being provided to the Court for review.

6. Plaintiff stipulates that the settlement reached is a reasonable compromise of his claims in view of the numerous disputed issues of fact in this case, including his relationship as an independent contractor to Defendant for a portion of the time he is seeking overtime compensation; the number of hours each week that Plaintiff actually performed services or work; and whether Defendants acted in good faith.

7. Based upon the foregoing the parties further stipulate to and request the dismissal with prejudice of this action and for the Court to retain jurisdiction through September 8th, 2016 to enforce the terms of settlement.

WHEREFORE, the Parties respectfully request that this Court issue an order finding that the settlement is a fair resolution of the issues and granting a dismissal with prejudice but retaining jurisdiction through September 8, 2016 to enforce the terms of the parties' written settlement agreement.

Respectfully submitted,

| | |
|---|---|
| JONATHAN S. MINICK, P.A.<br>Attorney for the Plaintiff<br>1850 SW 8th Street, Suite 307<br>Miami, Florida 33135<br>Phone: (786) 441-8909<br>Facsimile: (786) 523-0610<br>Email:  jminick@jsmlawpa.com<br><br>By: /s/ **Jonathan S. Minick**<br>     Jonathan S. Minick, Esq.<br>     Fla Bar No.  88743 | LANGBEIN & LANGBEIN, P.A.<br>Attorney for the Defendant<br>8181 NW 154th Street, Suite 105<br>Miami Lakes, FL 33016<br>(Tel) (305) 556-3663<br>(Fax) (305) 556-3647<br>Email: langbeinpa@bellsouth.net<br><br>By: /s/ **Leslie W. Langbein**<br>     Leslie W. Langbein, Esq.<br>     Fla Bar No. 305391 |